BRINEGAR
v.
GRIFFIN.

---

## DECOUX v. THE BANK OF LOUISIANA.

Where a plantation on which an order of seizure and sale has been levied, is in possession of a leesee, the sheriff is not authorized to appoint a guardian or keeper for its management and preservation, and consequently can make no charge for the services of such a person, if one be appointed by him.

A sheriff is entitled to be reimbursed all expenses incurred by him in the preservation of slaves seized under an order of seizure and sale, including compensation for the services of a keeper employed to take care of them on the plantation on which they were at work. Stat. 10 March, 1845, s. 2.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J.
L. *Janin*, for the appellant, cited Code of Prac. arts. 457, 660. Acts of 1845, p. 53, s. 3. Bul. and Curry's Dig. 441. *Cooley*, for the defendants.

The judgment of the court was pronounced by

KING, J. The Bank of Louisiana obtained an order for the seizure and sale of a plantation and slaves, situated in the parish of Pointe Coupée, in virtue of which the property was seized by the plaintiff, in his capacity of sheriff of that parish. *Adams*, the person in possession of the property, was appointed, on the day of the seizure, the guardian for its management and preservation until the sale. The execution of the writ was suspended by an injunction, in consequence of which the property was not sold until nine months after the seizure, during which interval it remained in the care of the guardian. The plaintiff,

in his bill of costs, charged $2.50 a day for keeping the property during that time, and took a rule on the bank to show cause why the account presented by him should not be paid. The correctness of all the charges was admitted, except that for the preservation of the property, which was contested on the ground that no such services were rendered by the sheriff, and no expenses were incurred by him for that purpose. The rule was discharged in the court below, as far as related to the claim for keeping the property, and for the residue of the account it was made absolute. The plaintiff has appealed.

When the sheriff, in the execution of a writ of seizure, takes a plantation, it remains sequestered in his custody until the sale, *unless it has been leased or rented ;* and he may appoint a keeper to manage it, for whom he shall be responsible. Code of Pract. art. 657. The 660th art. of the Code of Practice, directs that the sheriff shall not remove from plantations the implements of agriculture, the cattle or slaves employed in cultivating or clearing them; but authorises him to appoint a guardian for their preservation. For keeping personal property or slaves under seizure, sheriffs are entitled by law to a compensation which is left to the discretion of the court, within certain limits as regards slaves in actual custody. Acts of 1845, p. 53. s. 2. Under these several provisions the sheriff is entitled to remuneration for keeping property which comes into his custody under seizure, whether the care of it be assumed by himself personally, or be delegated to a keeper for whom he is responsible.

It appears that the plantation was in the possession of *Adams*, the keeper, at the date of the seizure, under a lease from the mortgagor. It therefore fell within the exception established in the 657th article of the Code of Practice, and the custody of it was not confided by law to the care of the sheriff, who consequently was not authorised to appoint a guardian for its management, nor to make a charge for such services.

The remainder of the property seized was committed to his custody by law, and he was entitled to be reimbursed all expenses incurred for its preservation, and to compensation for the services rendered by the keeper, who was his agent for that purpose. The lower court rejected the claim as unfounded, and the record does not supply us with the means of ascertaining what would be a fair equivalent for the services rendered. The discretion to be exercised by courts on such occasions, must be based on testimony which enables the judge to fix a compensation commensurate with the services. The evidence in the record would, perhaps, have authorized the district judge, under whose immediate eye the proceedings were had, to make an allowance to the plaintiff, but is not such as enables us to award the compensation, with a prospect of doing justice between the parties. We think that justice requires that the cause should be remanded.

The judgment of the District Court is therefore reversed; and it is further ordered that the cause be remanded to the lower court to be proceeded with according to law, and that the defendants pay the costs of this appeal.